1  Christopher D. Thomas (#010482)
   Matthew L Rojas (#025030)
2  Andrea J. Driggs (#023633)
   PERKINS COIE LLP
3  2901 North Central Avenue, Suite 2000
   Phoenix, Arizona 85012-2788
4  Telephone:   602.351.8000
   Facsimile:   602.648.7000
5  cthomas@perkinscoie.com
   mlrojas@perkinscoie.com
6  adriggs@perkinscoie.com
   docketPHX@perkinscoie.com
7
   *Attorneys for Defendant-Intervenor*
8  *Resolution Copper Mining, LLC*

9              UNITED STATES DISTRICT COURT

10                  DISTRICT OF ARIZONA

11

12  Arizona Mining Reform Coalition; Inter Tribal        No. CV-21-00122-PHX-DLR
    Association of Arizona, Inc.; Earthworks;
13  Center for Biological Diversity; Access Fund;
    and Grand Canyon Chapter of the Sierra Club,         **[PROPOSED]**
14
                Plaintiffs,
15                                                        **ANSWER OF INTERVENOR-**
         v.                                               **DEFENDANT RESOLUTION**
16                                                        **COPPER MINING, LLC**
    United States Forest Service, an agency in the
17  U.S. Department of Agriculture; Neil
    Bosworth, Supervisor of the Tonto National
18  Forest; and Tom Torres, Acting Forest
    Supervisor, Tonto National Forest,
19
                Defendants.
20
    Resolution Copper Mining, LLC,
21
                Defendant-Intervenor.
22

23         Resolution Copper Mining, LLC ("Resolution"), for its Answer to the Complaint

24  for Vacatur, Declaratory, and Injunctive Relief ("Complaint") (Docket No. 1) of Plaintiffs

25  Arizona Mining Reform Coalition, et al. ("Plaintiffs"), pleads as follows. Except as

26  expressly admitted herein, Resolution denies each and every allegation contained in

27

28

Plaintiffs' Complaint and denies that Plaintiffs are entitled to any relief requested in Plaintiffs' Complaint or otherwise.

## INTRODUCTION

1.      In response to the allegations in Paragraph 1 of the Complaint, Resolution (a) admits that the company intends to explore and potentially develop patented and unpatented mining claims, as more fully set forth in the six-volume Final Environmental Impact Statement published by the United States Forest Service on January 15, 2021; (b) admits that certain of the unpatented mining claims owned by Resolution lie beneath land, presently within Tonto National Forest, to be conveyed by Resolution pursuant to an act of Congress; and (c) admits that it is an American limited liability company whose corporate parents are also American corporations ultimately owed by Rio Tinto PLC and BHP PLC. The remainder of said Paragraph 1 consists of Plaintiffs' characterization of this action, to which no response is required. Resolution denies the remaining allegations in Paragraph 1.

2.      In response to the allegations in Paragraph 2, Resolution (a) admits that it is pursuing and has obtained various approvals that could eventually result in a mine that utilizes the block-cave technique; (b) denies that Plaintiffs have accurately characterized the Project; and (c) states that the planned operations and their potential impacts are more fully described in the Final Environmental Impact Statement published by the United States Forest Service on January 15, 2021. Resolution denies the remaining allegations in Paragraph 2.

3.      Resolution denies the allegations contained in Paragraph 3.

4.      Paragraph 4 consists of Plaintiffs' characterization of federal laws and the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies that Plaintiffs are entitled to any relief herein and denies the remaining allegations in Paragraph 4.

5.      Resolution denies for want of personal knowledge the exact location depicted in the photograph associated with Paragraph 5 but admits that Oak Flat's location is more precisely described in the FEIS (e.g., ES-2).

6.      In response to the allegations of Paragraph 6, Resolution admits that Western Apache and other tribes (some before, some after) sporadically occupied the lands near the mine, without ever establishing title thereto. Resolution further states that the allegations contained in Paragraph 6 contain legal citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 6.

7.      In response to the allegations in Paragraph 7, Resolution (a) admits that Oak Flat is outside of the boundaries of the San Carlos Apache Reservation; (b) denies for want of personal knowledge the number of enrolled Tribal members; and (c) further denies the remaining allegations in Paragraph 7.

8.      Resolution denies for want of personal knowledge the allegations contained in Paragraph 8.

9.      Resolution admits that Oak Flat was listed on the National Register of Historic Places as a traditional cultural property. Paragraph 9 consists of Plaintiffs' characterization of federal laws and Executive Orders, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies that Plaintiffs are entitled to any relief herein and denies the remaining allegations in Paragraph 9.

10.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 10.

11.     Resolution (a) denies for want of personal knowledge the exact location depicted in the photograph; (b) further denies Plaintiffs' characterization of potential long-term effects on Ga'an Canyon, which is fully discussed in the FEIS; and (c) denies the remaining allegations in Paragraph 11.

12. Resolution denies for want of personal knowledge the allegations contained in Paragraph 12.

13. Resolution (a) generally admits that Oak Flat is used for recreation and other purposes, as described fully in the FEIS and (b) denies for want of personal knowledge the remaining allegations contained in Paragraph 13.

14. Resolution (a) generally admits that a variety of species can be found at Oak Flat and the surrounding areas, as fully described in the FEIS and (b) denies for want of personal knowledge the remaining allegations contained in Paragraph 14.

15. Resolution (a) admits that an eventual mine would be expected to cause subsidence, as detailed in the FEIS; (b) denies that the Project will cause harm sufficient to support equitable relief; and (c) denies the remainder of the allegations in Paragraph 15.

16. Resolution (a) denies that Plaintiffs have accurately characterized the Project; (b) further states that the FEIS discusses potential alternatives and their impacts; and (c) denies the remaining allegations in Paragraph 16.

17. Resolution admits that water would be obtained from a variety of sources, as discussed in the FEIS, and additional water would be obtained from dewatering of the mine workings. Paragraph 17 further consists of Plaintiffs' characterization of various documents, whose terms speak for themselves, and as to which no response is required. Resolution denies the remaining allegations in Paragraph 17.

18. Resolution denies the allegations in Paragraph 18.

19. Resolution admits (a) that the boundaries of the San Carlos Apache Tribe's reservation are outside of the Exchange area; (b) admits that, while certain members of the San Carlos Apache Tribe (and other tribes) oppose the Project and have taken political and other actions against it, others support it; (c) denies for want of knowledge the remaining allegations in Paragraph 19.

20. Resolution (a) admits that the Oak Flat Withdrawal Area was withdrawn from mineral entry in 1955 by Public Land Order 1229, which prevented anyone from

conducting mineral exploration or other mining-related activities without further congressional approval and (b) denies the remaining allegations in Paragraph 20.

21.     In response to the allegations in Paragraph 21, Resolution a) denies that the Paragraph accurately describes Section 3003 of the National Defense Authorization Act; b) admits that Section 3003 modifies NEPA to the extent necessary to ensure title to the federal lands is conveyed within 60 days of publication of the final environmental impact statement, as Congress has the power to do; c) denies that Congress intended to allow disputes about title and appraisal to pre-empt the deadlines for conveyance of title, but merely that such disputes ultimately be resolved to produce an equalized exchange; and d) denies the remaining allegations contained in Paragraph 21.

22.     Resolution admits the allegations contained in Paragraph 22.

23.     Resolution denies the allegations contained in Paragraph 23, as detailed more fully in the NDAA.

24.     Paragraph 24 consists of Plaintiffs' characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 24.

25.     Resolution admits that Plaintiffs quote a portion of the NDAA in Paragraph 25 but denies that it provides Plaintiffs any ground for relief.

26.     Paragraph 26 consists of Plaintiffs' characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 26.

27.     Paragraph 27 consists of Plaintiffs' characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 27.

28.     Paragraph 28 consists of Plaintiffs' characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 28.

29.     Resolution denies the allegations contained in Paragraph 29.

30.     Resolution admits a DROD was published in conjunction with the FEIS but denies the remaining allegations contained in Paragraph 30.

31.     Paragraph 31 consists of Plaintiffs' characterization of their action, to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 31.

32.     Resolution admits that two separate lawsuits, referenced by Plaintiffs, have been filed that are related to the land exchange mandated by the NDAA. Resolution denies the remaining allegations in Paragraph 32.

JURISDICTION AND VENUE

33.     In response to the allegations in Paragraph 33, Resolution a) admits that Plaintiffs have sued the United States; b) admits that the Court would have jurisdiction over Plaintiffs' claims if those claims raised a justiciable controversy; c) denies Plaintiffs have any right to relief hereunder; and d) denies the remaining allegations in Paragraph 33.

34.     In response to the allegations in Paragraph 34, Resolution admits that Plaintiffs purport to bring claims under the referenced statutes and for declaratory and injunctive relief but denies that they are entitled to any relief thereunder.

35.     In response to the allegations in Paragraph 35, Resolution admits that venue is proper in the District of Arizona and that the Tonto National Forest has offices in Arizona but denies, for want of knowledge, the location of Plaintiffs' offices and members. Resolution generally admits that the Project is located in Pinal and Gila Counties.

36.     Paragraph 36 consists of Plaintiffs' characterization of this action, to which no response is required. To the extent a response is required, Resolution denies that the Defendants or Resolution have failed to comply with any applicable laws, regulations, and policies, and further denies any remaining allegations in Paragraph 36.

37.     Paragraph 37 consists of Plaintiffs' characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 37 and denies that the references statutes provide Plaintiffs any grounds for relief.

PARTIES

38.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 38.

39.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 39.

40.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 40.

41.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 41.

42.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 42.

43.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 43.

44.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 44.

45.     Resolution denies for want of personal knowledge the allegations contained in Paragraph 45.

46.     Resolution admits that comments on the EIS were submitted by various Plaintiffs but denies that the Forest Service or Resolution violated any applicable law or regulation and denies the remaining allegations in Paragraph 46.

47. Resolution denies the allegations in Paragraph 47.

48. Resolution denies the allegations in Paragraph 48.

49. Resolution (a) admits that the United States Forest Service is a federal agency within the U.S. Department of Agriculture and that it manages national forests, including Tonto National Forest; (b) admits that the FEIS was issued on January 15, 2021; and (c) states that the remainder of Paragraph 49 consists of Plaintiffs' characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies that Plaintiffs are entitled to any relief under the referenced laws and denies the remaining allegations in Paragraph 49.

**The Massive Size, Scale, and Impacts of the Resolution Project**

50. Resolution (a) admits that Resolution's project generally includes the various components, which are extensively detailed and discussed in the FEIS, and (b) denies the remaining allegations in Paragraph 50.

51. Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 51, whose terms as a whole speak for themselves.

52. Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 52, whose terms as a whole speak for themselves.

53. Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 53, whose terms as a whole speak for themselves.

54. Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 54, whose terms as a whole speak for themselves.

55. Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 55, whose terms as a whole speak for themselves.

56. Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 56, whose terms as a whole speak for themselves. Resolution denies the remaining allegations in Paragraph 56.

57.     Resolution admits (a) that Alternative 6 (Skunk Camp) is the Lead Agency's preferred alternative; (b) admits that Plaintiffs quote a portion of the FEIS in Paragraph 57, whose terms as a whole speak for themselves; (c) further states that the remaining sentence of the paragraph in the FEIS (at 118) says that: "Additional project activities would occur on 92 acres for recreational mitigations and 725 acres of 404 permitting compensatory mitigation (see section 2.3.1-3)." and (c) denies the remaining allegations in Paragraph 57.

58.     Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 58, whose terms as a whole speak for themselves.

59.     Paragraph 59 consists of Plaintiffs' characterization of the contents of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 59.

60.     Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 60, whose terms as a whole speak for themselves. The remainder of Paragraph 60 consists of Plaintiffs' characterization of the contents of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 60.

61.     Resolution (a) admits that Plaintiffs include what appears to be a copy of Figure 2.2.8-1 in Paragraph 61 and (b) denies the remaining allegations in Paragraph 61.

62.     Resolution generally admits that, in 2008, it was granted a Special Use Permit to construct a water pipeline from its water treatment plant in Superior to an irrigation canal operated by New Magma Irrigation and Drainage District and that the pipeline was constructed within the MAARCO right-of-way.  The remainder of Paragraph 62 consists of Plaintiffs' characterization of the contents of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 62.

63.    Paragraph 63 consists of Plaintiffs' characterization of the FEIS and Resolution's original GPO, whose terms as a whole speak for themselves, and as to which no response is required. To the extent a response may be required, Resolution states that the referenced documents speak for themselves, and further denies the remaining allegations in Paragraph 63.

64.    Resolution admits that water would come from a variety of sources, as detailed in the FEIS (*see* ES-7): (1) Filtrate from the filter plant, recycled water from the tailings storage facility, and recovered water from the concentrator complex would be recycled back into the mining process; and (2) Additional water would be obtained from dewatering of the mine workings, direct delivery of CAP water, and pumping from a well field along the MARRCO corridor. Resolution denies any remaining allegations in Paragraph 64.

65.    Paragraph 65 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 65.

66.    Resolution admits that an acre-foot of water equals roughly 325,851 gallons. The remainder of Paragraph 66 consists of Plaintiffs' characterization of the contents of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 66.

67.    Resolution admits that Arizona periodically experiences droughts. Resolution denies for want of knowledge the remaining allegations in Paragraph 67.

68.    Resolution admits that there would be an area of subsidence, as further detailed in the FEIS, which also states that the predicted total area of subsidence cited by Plaintiffs includes "[e]xtremely small rock deformations that can only be detected by high-resolution monitoring equipment (would not be visible in the soil or on the ground)[.]" FEIS at 63. Resolution denies the remaining allegations in Paragraph 68.

69.     Resolution denies the allegations in Paragraph 69.

70.     Resolution denies the allegations in Paragraph 70.

71.     Resolution (a) admits that under the Exchange, the Oak Flat Federal Parcel would leave Federal jurisdiction, but 5,460 acres around southeast Arizona would transfer from private ownership into Federal ownership and regulation; and (b) denies the remaining allegations in Paragraph 71.

72.     Paragraph 72 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 72.

73.     Paragraph 73 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 73.

74.     Paragraph 74 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 74.

75.     Paragraph 75 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 75.

76.     Paragraph 76 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 76.

77.     Paragraph 77 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To

the extent a response is required, Resolution denies the remaining allegations in Paragraph 77.

78.     Paragraph 78 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 78.

79.     Paragraph 79 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 79.

80.     Paragraph 80 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 80.

81.     Paragraph 81 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 81.

82.     Paragraph 82 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 82.

83.     Paragraph 83 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 83.

84.     Paragraph 84 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To

the extent a response is required, Resolution denies the remaining allegations in Paragraph 84.

85.     Paragraph 85 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 85.

86.     Paragraph 86 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 86.

87.     Paragraph 87 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 87.

88.     Paragraph 88 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 88.

89.     Paragraph 89 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 89.

90.     Paragraph 90 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 90.

91.     Paragraph 91 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To

the extent a response is required, Resolution denies the remaining allegations in Paragraph 91.

92.     Paragraph 92 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 92.

**Statutory and Regulatory Requirements Under NEPA and the NDAA**

93.     Paragraph 93 consists of Plaintiffs' characterization of federal laws, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies that Plaintiffs are entitled to any relief herein and denies the remaining allegations in Paragraph 93.

94.      Resolution admits that the allegations in Paragraph 94 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that Plaintiffs are entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 94.

95.     The allegations contained in Paragraph 95 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 95.

96.     The allegations contained in Paragraph 96 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 96.

97.     The allegations contained in Paragraph 97 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 97.

98.     The allegations contained in Paragraph 98 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 98.

99.     The allegations contained in Paragraph 99 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 99.

100.    The allegations contained in Paragraph 100 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 100.

101.    The allegations contained in Paragraph 101 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 101.

102.    The allegations contained in Paragraph 102 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 102.

103.    The allegations contained in Paragraph 103 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 103.

104.    The allegations contained in Paragraph 104 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 104.

105.    The allegations contained in Paragraph 105 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 105.

106.    Resolution denies the allegations in Paragraph 106.

107.    Resolution admits that the allegations in Paragraph 107 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that Plaintiffs are entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 107.

108.    The allegations contained in Paragraph 108 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 108.

109.    The allegations contained in Paragraph 109 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 109.

110.    The allegations contained in Paragraph 110 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 110.

111.    The allegations contained in Paragraph 111 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 111.

112.    Resolution denies the allegations in Paragraph 112.

113.    Resolution admits that the allegations in Paragraph 113 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that

Plaintiffs are entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 113.

114.   Resolution admits that the allegations in Paragraph 114 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that Plaintiffs are entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 114.

115.   Resolution admits that the allegations in Paragraph 115 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that Plaintiffs are entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 115.

116.   Resolution admits that the allegations in Paragraph 116 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that Plaintiffs are entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 116.

117.   Resolution admits that the allegations in Paragraph 117 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that Plaintiffs are entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 117.

118.   Resolution admits that the allegations in Paragraph 118 quote a portion of the referenced act, whose terms as a whole speak for themselves. Resolution denies that Plaintiffs are entitled to any relief under the referenced act and denies the remaining allegations in Paragraph 118.

119.   The allegations in Paragraph 119 consist of Plaintiffs' characterization of the contents of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the allegations in Paragraph 119.

120.   The allegations contained in Paragraph 120 contain legal conclusions and citations to which no response is required. To the extent a response may be required,

1    Resolution states that the referenced authorities speak for themselves, and further denies
2    the remaining allegations in Paragraph 120.

3    **The Forest Service's Shifting Review of the Project**

4        121.   Resolution denies for want of knowledge the allegations in Paragraph 121.

5        122.   Paragraph 122 consists of Plaintiffs' characterization of the FEIS, whose
6    terms and provisions speak for themselves, and as to which no response is required. To
7    the extent a response is required, Resolution denies the remaining allegations in Paragraph
8    122.

9        123.   Paragraph 123 consists of Plaintiffs' characterization of and quotation from
10   a portion of the FEIS, whose terms and provisions speak for themselves, and as to which
11   no response is required. To the extent a response is required, Resolution denies the
12   remaining allegations in Paragraph 123.

13       124.   Paragraph 124 consists of Plaintiffs' characterization of the Draft EIS,
14   whose terms and provisions speak for themselves, and as to which no response is required.
15   To the extent a response is required, Resolution denies the remaining allegations in
16   Paragraph 124.

17       125.   Resolution admits that a 90-day public comment period ended on November
18   7, 2019, although Tribes were given a 45-day extension to submit comments and that
19   extension concluded on December 23, 2019. Resolution denies the remaining allegations
20   in Paragraph 125.

21       126.   Resolution denies for want of knowledge the allegations in Paragraph 126.

22       127.   Paragraph 129 consists of Plaintiffs' characterization of and quotations from
23   the ROD and FEIS, whose terms and provisions speak for themselves, and as to which no
24   response is required. To the extent a response is required, Resolution denies the remaining
25   allegations in Paragraph 127.

26       128.   The allegations contained in Paragraph 128 of the Complaint are legal
27   conclusions that do not require a response. To the extent a response is required,
28   Resolution denies them.

129.    Resolution admits that it submitted an application for a special use authorization on September 7, 2020. The remainder of the allegations in Paragraph 129 consists of Plaintiffs' characterization of and quotation from the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 129.

130.    Paragraph 130 consists of Plaintiffs' characterization of and quotation from the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 130.

131.    Paragraph 131 consists of Plaintiffs' characterization of correspondence more fully described in the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 131.

132.    Resolution admits that Plaintiffs quote a portion of a letter that was included with the FEIS in Paragraph 132, whose terms as a whole speak for themselves, and further denies any remaining allegations in Paragraph 132.

133.    Resolution admits that Plaintiffs quote a portion of a letter that was included with the FEIS in Paragraph 133, whose terms as a whole speak for themselves. The remainder of Paragraph 133 consists of Plaintiffs' characterization of the letter, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 133.

134.    The allegations contained in Paragraph 134 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 134.

135.    Resolution admits that the NDAA requires one FEIS for "all decisions under Federal law related to the proposed mine…and any related major federal

activities…including the granting of any permits, rights-of-way, or approvals." The remainder of the allegations in Paragraph 135 consist of Plaintiffs' characterization of the Draft ROD, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 135.

136.    Paragraph 136 consists of Plaintiffs' characterization of and quotation from the Draft ROD, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 136.

137.    The allegations contained in Paragraph 137 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, denies that Resolution or the Defendants violated any applicable laws or regulations, and further denies the remaining allegations in Paragraph 137.

138.    Paragraph 138 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 138 and denies that Resolution or the Defendants violated any laws or regulations.

139.    Resolution admits that Plaintiffs quote a portion of Appendix Q to the FEIS in Paragraph 139, whose terms as a whole speak for themselves. Resolution denies any remaining allegations in Paragraph 139.

140.    The allegations contained in Paragraph 140 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 140.

141.    The allegations contained in Paragraph 141 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, denies that

Resolution or the Defendants violated any laws or regulations, and further denies the remaining allegations in Paragraph 141.

**The Forest Service's Special Use Requirements and Violations**

142.    The allegations in Paragraph 142 consist of Plaintiffs' characterization of the Draft ROD, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 142.

143.    Resolution denies the allegations in Paragraph 143.

144.    The allegations contained in Paragraph 144 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 144.

145.    The allegations contained in Paragraph 145 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 145.

146.    The allegations contained in Paragraph 146 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 146.

147.    Paragraph 147 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 147 and denies that Resolution or the Defendants violated any laws or regulations.

148.    Paragraph 148 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 148 and denies that Resolution or the Defendants violated any laws or regulations.

149.   Paragraph 149 consists of Plaintiffs' characterization of and quotation from the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 149.

150.   Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 150, whose terms as a whole speak for themselves. Resolution denies any remaining allegations in Paragraph 150.

151.   Paragraph 151 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 151 and denies that Resolution or the Defendants violated any laws or regulations.

152.   Paragraph 152 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 152 and denies that Resolution or the Defendants violated any laws or regulations.

153.   Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 153, whose terms as a whole speak for themselves, and further denies any remaining allegations in Paragraph 153.

154.   Paragraph 154 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 154 and denies that Resolution or the Defendants violated any laws or regulations.

155.   Paragraph 155 consists of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 155 and denies that Resolution or the Defendants violated any laws or regulations.

156.   Resolution denies the allegations in Paragraph 156.

157.    Paragraph 157 consists of Plaintiffs' characterization of the EA, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations in Paragraph 157 and denies that Resolution or the Defendants violated any laws or regulations.

158.    The allegations contained in Paragraph 158 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 158.

**The Forest Service Failed to Comply with NEPA and the NDAA**

159.    The allegations contained in Paragraph 159 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 159.

160.    The allegations contained in Paragraph 160 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 160.

161.    Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 161, whose terms as a whole speak for themselves, and further denies the remaining allegations in Paragraph 161.

162.    Resolution admits that Plaintiffs quote a portion of the FEIS in Paragraph 162, whose terms as a whole speak for themselves, and further denies the remaining allegations in Paragraph 162.

163.    Resolution denies the allegations in Paragraph 163.

164.    Paragraph 164 consists of Plaintiffs' characterization of the FEIS and Draft ROD, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the remaining allegations

in Paragraph 164 and denies that Resolution or the Defendants violated any laws or regulations.

165.   The allegations contained in Paragraph 165 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 165.

166.   The allegations contained in Paragraph 166 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 166.

167.   The allegations contained in Paragraph 167 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 167.

168.   The allegations contained in Paragraph 168 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 168.

169.   The allegations contained in Paragraph 169 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 169.

170.   The allegations contained in Paragraph 170 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 170.

171.   The allegations contained in Paragraph 171 contain legal conclusions and citations to which no response is required. To the extent a response may be required,

1   Resolution states that the referenced authorities speak for themselves, and further denies
2   the remaining allegations in Paragraph 171.

3       172.    The allegations contained in Paragraph 172 contain legal conclusions and
4   citations to which no response is required. To the extent a response may be required,
5   Resolution states that the referenced authorities speak for themselves, and further denies
6   the remaining allegations in Paragraph 172.

7       173.    Paragraph 173 consists of Plaintiffs' characterization of and quotations from
8   the FEIS, whose terms and provisions speak for themselves, and as to which no response
9   is required. To the extent a response is required, Resolution denies the remaining
10  allegations in Paragraph 173 and denies that Resolution or the Defendants violated any
11  laws or regulations.

12      174.    Resolution admits that Plaintiffs quote a portion of the Draft ROD in
13  Paragraph 174, whose terms as a whole speak for themselves. To the extent a response
14  may be required, Resolution further denies the remaining allegations in Paragraph 174.

15      175.    Paragraph 175 consists of Plaintiffs' characterization of the FEIS and Draft
16  ROD, whose terms and provisions speak for themselves, and as to which no response is
17  required. To the extent a response is required, Resolution denies the remaining allegations
18  in Paragraph 175 and denies that Resolution or the Defendants violated any laws or
19  regulations.

20      176.    The allegations contained in Paragraph 176 contain legal conclusions and
21  citations to which no response is required. To the extent a response may be required,
22  Resolution states that the referenced authorities speak for themselves, and further denies
23  the remaining allegations in Paragraph 176.

24      177.    The allegations contained in Paragraph 177 contain legal conclusions and
25  citations to which no response is required. To the extent a response may be required,
26  Resolution states that the referenced authorities speak for themselves, and further denies
27  the remaining allegations in Paragraph 177.

28

178.   The allegations contained in Paragraph 178 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 178.

179.   The allegations contained in Paragraph 179 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 179.

180.   The allegations contained in Paragraph 180 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 180.

181.   The allegations contained in Paragraph 181 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 181.

182.   The allegations contained in Paragraph 182 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

183.   The allegations contained in Paragraph 183 of the Complaint are legal conclusions and citations that do not require a response. To the extent a response is required, Resolution denies them.

184.   The allegations contained in Paragraph 184 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

185.   The allegations contained in Paragraph 185 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

186.   In response to the allegations in Paragraph 186, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

187.   In response to the allegations in Paragraph 187, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

188.   In response to the allegations in Paragraph 188, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

189.   In response to the allegations in Paragraph 189, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

190.   The allegations Paragraph 135 consist of Plaintiffs' characterization of the FEIS, whose terms and provisions speak for themselves, and as to which no response is required. To the extent a response is required, Resolution denies the allegations in Paragraph 190.

191.   In response to the allegations in Paragraph 191, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

192.   In response to the allegations in Paragraph 192, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

193.   The allegations contained in Paragraph 193 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

194.   The allegations contained in Paragraph 194 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

195.    The allegations contained in Paragraph 195 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 195.

196.    The allegations contained in Paragraph 196 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

197.    The allegations contained in Paragraph 197 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

198.    The allegations contained in Paragraph 198 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

199.    The allegations contained in Paragraph 199 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 199.

200.    In response to the allegations in Paragraph 200, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

201.    In response to the allegations in Paragraph 201, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

202.    In response to the allegations in Paragraph 202, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

203.   In response to the allegations in Paragraph 203, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

204.   In response to the allegations in Paragraph 204, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

205.   In response to the allegations in Paragraph 205, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

206.   In response to the allegations in Paragraph 206, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

207.   In response to the allegations in Paragraph 207, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

208.   In response to the allegations in Paragraph 208, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

209.   In response to the allegations in Paragraph 209, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

210.   In response to the allegations in Paragraph 210, Resolution states that the terms of the referenced document speak for themselves and require no response. To the extent a response is required, Resolution denies them.

211.   The allegations contained in Paragraph 211 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 211.

212.    The allegations contained in Paragraph 212 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 212.

213.    The allegations contained in Paragraph 213 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

214.    The allegations contained in Paragraph 214 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

215.    The allegations contained in Paragraph 215 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

216.    The allegations contained in Paragraph 216 of the Complaint are legal conclusions that do not require a response. To the extent a response is required, Resolution denies them.

217.    In response to the allegations in Paragraph 217, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

218.    In response to the allegations in Paragraph 218, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

219.    In response to the allegations in Paragraph 219, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

220.    In response to the allegations in Paragraph 220, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

221.   In response to the allegations in Paragraph 221, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

222.   In response to the allegations in Paragraph 222, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

223.   In response to the allegations in Paragraph 223, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

224.   In response to the allegations in Paragraph 224, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

225.   In response to the allegations in Paragraph 225, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

226.   The allegations contained in Paragraph 226 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 226.

227.   In response to the allegations in Paragraph 227, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

228.   In response to the allegations in Paragraph 228, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

229.   In response to the allegations in Paragraph 229, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

230.   The allegations contained in Paragraph 230 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 230.

231.   In response to the allegations in Paragraph 231, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

232.   In response to the allegations in Paragraph 232, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

233.   In response to the allegations in Paragraph 233, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

234.   In response to the allegations in Paragraph 234, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

235.   The allegations contained in Paragraph 235 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 235.

236.   Resolution denies the allegations in Paragraph 236.

237.   Resolution denies the allegations in Paragraph 237.

238.   In response to the allegations in Paragraph 238, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

239.   The allegations contained in Paragraph 239 contain legal conclusions and citations to which no response is required. To the extent a response may be required,

Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 239.

240.    Resolution denies the allegations in Paragraph 240.

241.    In response to the allegations in Paragraph 241, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

242.    In response to the allegations in Paragraph 242, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

243.    In response to the allegations in Paragraph 243, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

244.    In response to the allegations in Paragraph 244, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

245.    In response to the allegations in Paragraph 245, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

246.    In response to the allegations in Paragraph 246, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

247.    In response to the allegations in Paragraph 247, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

248.    In response to the allegations in Paragraph 248, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

249.    In response to the allegations in Paragraph 249, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

250.    In response to the allegations in Paragraph 250, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

251.    In response to the allegations in Paragraph 251, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

252.    The allegations contained in Paragraph 252 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 252.

253.    Resolution denies the allegations in Paragraph 253.

254.    In response to the allegations in Paragraph 254, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

255.    In response to the allegations in Paragraph 255, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

256.    The allegations contained in Paragraph 256 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 256.

257.    In response to the allegations in Paragraph 257, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

258.   In response to the allegations in Paragraph 258, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

259.   In response to the allegations in Paragraph 259, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

260.   In response to the allegations in Paragraph 260, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

261.   The allegations contained in Paragraph 261 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 261.

262.   The allegations contained in Paragraph 262 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 262.

263.   The allegations contained in Paragraph 263 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 263.

264.   In response to the allegations in Paragraph 264, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

265.   In response to the allegations in Paragraph 265, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

266.   In response to the allegations in Paragraph 266, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

267.   The allegations contained in Paragraph 267 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 267.

268.   In response to the allegations in Paragraph 268, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

269.   In response to the allegations in Paragraph 269, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

270.   In response to the allegations in Paragraph 270, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

271.   In response to the allegations in Paragraph 271, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

272.   Resolution denies for want of knowledge the allegations in Paragraph 272.

273.   Resolution denies for want of knowledge the allegations in Paragraph 273.

274.   In response to the allegations in Paragraph 274, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

275.   In response to the allegations in Paragraph 275, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

276.   Resolution denies for want of knowledge the allegations in Paragraph 276.

277.   In response to the allegations in Paragraph 277, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

278.   Resolution denies for want of knowledge the allegations in Paragraph 278.

279.   The allegations contained in Paragraph 279 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 279.

280.   The allegations contained in Paragraph 280 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 280.

281.   The allegations contained in Paragraph 281 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 281.

282.   Resolution denies the allegations in Paragraph 282.

283.   The allegations contained in Paragraph 283 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 283.

284.   Resolution denies the allegations in Paragraph 284.

285.   In response to the allegations in Paragraph 285, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

286.   In response to the allegations in Paragraph 286, Resolution states that the terms of the referenced documents speak for themselves and require no response. Resolution denies the remaining allegations in Paragraph 286.

287.    The allegations contained in Paragraph 287 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 287.

288.    Resolution denies the allegations in Paragraph 288.

289.    The allegations contained in Paragraph 289 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 289.

290.    The allegations contained in Paragraph 290 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 290.

291.    The allegations contained in Paragraph 291 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 291.

292.    The allegations contained in Paragraph 292 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 292.

293.    In response to the allegations in Paragraph 293, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

294.    In response to the allegations in Paragraph 294, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

295.    Resolution denies the allegations in Paragraph 295.

296.   In response to the allegations in Paragraph 296, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

297.   In response to the allegations in Paragraph 297, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

298.   The allegations contained in Paragraph 298 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 298.

299.   The allegations contained in Paragraph 299 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 299.

300.   In response to the allegations in Paragraph 300, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

301.   Resolution denies the allegations in Paragraph 301.

302.   In response to the allegations in Paragraph 302, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

303.   In response to the allegations in Paragraph 303, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

304.   The allegations contained in Paragraph 304 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 304.

305.    In response to the allegations in Paragraph 305, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

306.    In response to the allegations in Paragraph 306, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

307.    The allegations contained in Paragraph 307 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 307.

308.    The allegations contained in Paragraph 308 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 308.

309.    The allegations contained in Paragraph 309 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 309.

310.    Resolution denies the allegations in Paragraph 310.

311.    The allegations contained in Paragraph 311 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 311.

312.    In response to the allegations in Paragraph 312, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

313.   In response to the allegations in Paragraph 313, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

314.   In response to the allegations in Paragraph 314, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

315.   The allegations contained in Paragraph 315 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 315.

316.   Resolution denies the allegations in Paragraph 316.

317.   In response to the allegations in Paragraph 317, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

318.   In response to the allegations in Paragraph 318, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

319.   In response to the allegations in Paragraph 319, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

320.   In response to the allegations in Paragraph 320, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

321.   Resolution denies for want of knowledge the allegations in Paragraph 321.

322.   Resolution denies for want of knowledge the allegations in Paragraph 322.

323.   In response to the allegations in Paragraph 323, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

324.    Resolution denies for want of knowledge the allegations in Paragraph 324.

325.    In response to the allegations in Paragraph 325, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

326.    In response to the allegations in Paragraph 326, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

327.    In response to the allegations in Paragraph 327, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

328.    Resolution denies the allegations in Paragraph 328.

329.    In response to the allegations in Paragraph 329, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

330.    In response to the allegations in Paragraph 330, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

331.    In response to the allegations in Paragraph 331, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

332.    Resolution denies the allegations in Paragraph 332.

333.    Resolution denies the allegations in Paragraph 333.

334.    Resolution denies the allegations in Paragraph 334.

335.    Resolution denies the allegations in Paragraph 335.

336.    Resolution denies the allegations in Paragraph 336.

337.    Resolution denies the allegations in Paragraph 337.

338.   In response to the allegations in Paragraph 338, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

339.   In response to the allegations in Paragraph 339, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

340.   Resolution denies the allegations in Paragraph 340.

341.   In response to the allegations in Paragraph 341, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

342.   In response to the allegations in Paragraph 342, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

343.   Resolution generally admits that, in 2008, it was granted a Special Use Permit to construct a water pipeline from its water treatment plant in Superior to an irrigation canal operated by New Magma Irrigation and Drainage District and that the pipeline was constructed within the MAARCO right-of-way. Resolution denies any remaining allegations in Paragraph 343.

344.   Resolution admits it conducted an analysis of potential hydrologic impacts associated with a special use authorization. Resolution denies the remaining allegations in Paragraph 344.

345.   In response to the allegations in Paragraph 345, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

346.   Resolution denies the allegations in Paragraph 346.

347.   Resolution denies the allegations in Paragraph 347.

348.   Resolution denies the allegations in Paragraph 348.

349.    In response to the allegations in Paragraph 349, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

350.    In response to the allegations in Paragraph 350, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

351.    In response to the allegations in Paragraph 351, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

352.    Resolution denies the allegations in Paragraph 352.

353.    In response to the allegations in Paragraph 353, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

354.    In response to the allegations in Paragraph 354, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

355.    In response to the allegations in Paragraph 355, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

356.    In response to the allegations in Paragraph 356, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

357.    In response to the allegations in Paragraph 357, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

358.    The allegations contained in Paragraph 358 contain legal conclusions and citations to which no response is required. To the extent a response may be required,

Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 358.

359.    In response to the allegations in Paragraph 359, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

360.    Resolution denies the allegations in Paragraph 360.

361.    In response to the allegations in Paragraph 361, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

362.    In response to the allegations in Paragraph 362, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

363.    Resolution denies the allegations in Paragraph 363.

364.    In response to the allegations in Paragraph 364, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

365.    In response to the allegations in Paragraph 365, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

366.    In response to the allegations in Paragraph 366, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

367.    In response to the allegations in Paragraph 367, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

368.    Resolution denies the allegations in Paragraph 368.

369.     In response to the allegations in Paragraph 369, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

370.     Resolution denies the allegations in Paragraph 370.

371.     Resolution denies the allegations in Paragraph 371.

372.     In response to the allegations in Paragraph 372, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

373.     Resolution denies the allegations in Paragraph 373.

374.     Resolution denies the allegations in Paragraph 374.

375.     Resolution denies the allegations in Paragraph 375.

376.     In response to the allegations in Paragraph 376, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

377.     In response to the allegations in Paragraph 377, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

378.     In response to the allegations in Paragraph 378, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

379.     In response to the allegations in Paragraph 379, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

380.     In response to the allegations in Paragraph 380, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

381.   In response to the allegations in Paragraph 381, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

382.   In response to the allegations in Paragraph 382, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

383.   Resolution denies the allegations in Paragraph 383.

384.   Resolution denies the allegations in Paragraph 384.

385.   Resolution denies the allegations in Paragraph 385.

386.   In response to the allegations in Paragraph 386, Resolution states that the terms of the referenced documents speak for themselves and require no response. Resolution further denies the additional allegations in Paragraph 386.

387.   In response to the allegations in Paragraph 387, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

388.   In response to the allegations in Paragraph 388, Resolution states that the terms of the referenced documents speak for themselves and require no response. Resolution further denies the additional allegations in Paragraph 388.

389.   In response to the allegations in Paragraph 389, Resolution states that the terms of the referenced documents speak for themselves and require no response. To the extent a response is required, Resolution denies them.

390.   The allegations contained in Paragraph 390 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 390.

391.   The allegations contained in Paragraph 391 contain legal conclusions and citations to which no response is required. To the extent a response may be required,

Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 391.

392.    The allegations contained in Paragraph 392 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 392.

393.    The allegations contained in Paragraph 393 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 393.

394.    The allegations contained in Paragraph 394 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 394.

395.    Resolution denies the allegations in Paragraph 395.

396.    The allegations contained in Paragraph 396 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 396.

397.    The allegations contained in Paragraph 397 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 397.

398.    In response to the allegations contained in Paragraph 398, Resolution (a) generally admits that it intends to utilize the various components evaluated in the EIS and (b) denies the remaining allegations in Paragraph 398.

399.    The allegations contained in Paragraph 399 contain legal conclusions and citations to which no response is required. To the extent a response may be required,

Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 399.

400.   The allegations contained in Paragraph 400 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 400.

401.   The allegations contained in Paragraph 401 contain legal conclusions and citations to which no response is required. To the extent a response may be required, Resolution states that the referenced authorities speak for themselves, and further denies the remaining allegations in Paragraph 401.

402.   Resolution denies the allegations in Paragraph 402.

## **CLAIMS FOR RELIEF**

### **Claim 1: Violation of the National Environmental Policy Act**

403.   Resolution incorporates its responses to the paragraphs incorporated by Plaintiffs.

404.   Resolution denies the allegations in Paragraph 404.

### **Claim 2: Violation of Section 3003 of the NDAA**

405.   Resolution incorporates its responses to the paragraphs incorporated by Plaintiffs.

406.   Resolution denies the allegations in Paragraph 406.

### **Claim 3: Violation of the Forest Service Organic Act**

407.   Resolution incorporates its responses to the allegations incorporated by Plaintiffs.

408.   Resolution denies the allegations in Paragraph 408.

### **Claim 4: Failure to Properly Review and Regulate the Resolution Project in Violation of the FLPMA, the Organic Act, and Public Land Laws**

409.   Resolution incorporates its responses to the allegations incorporated by Plaintiffs.

410.    Resolution denies the allegations in Paragraph 410.

## GENERAL AND AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint, Resolution alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

411.    Plaintiffs' Complaint fails to state a claim upon which relief may be granted as to Resolution.

### SECOND AFFIRMATIVE DEFENSE

412.    Plaintiffs' claims and requests for relief are barred in whole or in part because any actions taken by Defendants and/or Resolution with respect to the subject matter alleged in the Complaint were undertaken in good faith and constitute lawful, proper, justified and/or privileged conduct.

### THIRD AFFIRMATIVE DEFENSE

413.    Plaintiffs' claims and requests for relief are barred in whole or in part by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

414.    Plaintiffs' claims and requests for relief are barred in whole or in part by laches.

### FIFTH AFFIRMATIVE DEFENSE

415.    Plaintiffs' claims and requests for relief are barred in whole or in part because Plaintiffs did not properly exhaust its administrative remedies prior to bringing this action.

### SIXTH AFFIRMATIVE DEFENSE

416.    Plaintiffs' claims and requests for relief are barred in whole or in part by res judicata and/or collateral estoppel and/or law of the case based upon the prior judicial decisions with respect to the matters raised in the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

417.   Plaintiffs lack standing to bring this action.

**EIGHTH AFFIRMATIVE DEFENSE**

418.   Plaintiffs have waived its right(s) to assert some or all of their claims and requests for relief.

**NINTH AFFIRMATIVE DEFENSE**

419.   Plaintiffs are estopped from asserting some or all of their claims and requests for relief.

**TENTH AFFIRMATIVE DEFENSE**

420.   This Court lacks subject matter jurisdiction to review some or all of Plaintiffs' claims and requests for relief.

**ELEVENTH AFFIRMATIVE DEFENSE**

421.   Any injunctive relief or other equitable relief sought by Plaintiffs should be denied because Plaintiffs have unclean hands.

**FURTHER AFFIRMATIVE DEFENSES**

422.   Resolution reserves the right to assert additional affirmative defenses that become known to it upon further investigation, disclosure or discovery.

1      Having fully answered, Resolution respectfully requests that the Court deny all

2  relief sought by Plaintiffs, grant judgment to Defendants and to Resolution, and grant

3  Defendants and Resolution such other relief as may be just and proper, including an award

4  of costs and attorney's fees to which Resolution may be entitled to recover by statute or

5  otherwise.

6      Respectfully submitted this 22nd day of February 2021.

**PERKINS COIE LLP**

By: *s/ Christopher D. Thomas*
     Christopher D. Thomas
     Matthew L Rojas
     Andrea J. Driggs
     PERKINS COIE LLP
     2901 North Central Avenue, Suite 2000
     Phoenix, Arizona 85012-2788

*Attorneys for Defendant-Intervenor*
*Resolution Copper Mining, LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

☒      I hereby certify that on February 22, 2021, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Roger Flynn
Jeffrey C. Parsons
WESTERN MINING ACTION PROJECT
P.O. Box 349; 440 Main Street, #2
Lyons, CO 80540
wmap@igc.org

Susan B. Montgomery
Robyn L. Interpreter
MONTGOMERY & INTERPRETER, PLC
3301 E. Thunderbird Rd.
Phoenix, AZ 85032
smontgomery@milawaz.com
rinterpreter@milaz.com

Marc D. Fink
CENTER FOR BIOLOGICAL DIVERSITY
209 East 7th Street
Duluth, Minnesota 55805
mfink@biologicaldiversity.org

Allison N. Melton
CENTER FOR BIOLOGICAL DIVERSITY
P.O. Box 3024
Crested Butte, CO 81224
amelton@biologicaldiversity.org

*Attorneys for Plaintiffs*

Erika Danielle Norman
US DEPARTMENT OF JUSTICE - ENRD
4 Constitution Sq.
Washington, DC 20002
erika.norman@usdoj.gov

Tyler McVeigh Alexander
US DEPARTMENT OF JUSTICE
4 Constitution Sq.
Washington, DC 20002
tyler.alexander@usdoj.gov

*Attorneys for Defendants*

☒      I hereby certify that on February 22, 2021, I served the attached document by first class mail on Judge Douglas L. Rayes, United States District Court of Arizona, 401 West Washington Street, Suite 626, Phoenix, AZ 85003-2162.

*s/ Janet Roe*

151132825.1

-53-