IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Apache Stronghold,<br><br>               Plaintiff,<br><br>vs.<br><br>United States of America, et al.,<br><br>               Defendants. | No.  CV-21-00050-PHX-SPL<br><br>**ORDER** |

On January 12, 2021, Plaintiff Apache Stronghold filed a Complaint in this Court against Defendants, various agencies of the Federal Government, seeking to halt the exchange of federal land between the Government and two foreign mining companies. (Doc. 1). The 2,422-acre parcel of Arizona land, located within the Tonto National Forest, includes a sacred Apache ceremonial ground called Chi'chil Bildagoteel, known in English as "Oak Flat." (Doc. 1 at ¶ 3). Apache Stronghold brought six claims: (1) Violation of Fifth Amendment Due Process, (2) Violation of First Amendment Petition Clause, (3) Breach of Trust and Fiduciary Duties, (4) Violation of First Amendment Free Exercise Clause (Substantial Burden), (5) Violation of the Religions Freedom Restoration Act, and (6) Violation of First Amendment Free Exercise Clause (Intentional Discrimination). (Doc. 1).

Defendants now move to consolidate this case with two other cases currently pending in the District of Arizona: *San Carlos Apache Tribe v. United States Forest Service*, No. 2:21-cv-68-DWL (filed Jan. 14, 2021) and *Arizona Mining Reform Coalition v. United States Forest Service*, No. 2:21-cv-122-DLR (filed Jan. 22, 2021). Defendants

argue the three cases all "arise from substantially the same transaction or event." (Doc. 60 at 2). In the Motion, Defendants indicate that the plaintiff in *San Carlos* takes no position on consolidation, and that plaintiff in *Apache Stronghold* oppose the motion, although Apache Stronghold has not filed a response. Plaintiffs in *Arizona Mining* have filed a response opposing consolidation. (Doc. 66).

Federal Rule of Civil Procedure 42(a) allows a court to consolidate cases "[i]f the actions before the court involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts, however, "enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018). A court "must balance the interest of judicial convenience against the potential for delay, confusion and prejudice that may result from such consolidation." *Sapiro v. Sunstone Hotel Inv'rs, L.L.C.*, No. CV-03-1555-PHX-SRB, 2006 WL 898155, at *1 (D. Ariz. Apr. 4, 2006). Local Rule of Civil Procedure ("Local Rule") 42.1(a) allows the transfer of cases to a single judge if the cases:

> (1) arise from substantially the same transaction or event; (2) involve substantially the same parties or property; . . . (4) call for determination of substantially the same questions of law; or (5) . . . [remaining unconsolidated] would entail substantial duplication of labor if heard by different Judges.

LRCiv 42.1(a). The Court considers these factors, but again "has broad discretion in deciding a motion to transfer under Local Rule 42.1(a)." *Addington v. US Airline Pilots Ass'n*, No. CV-08-01633-PHX-NVW, 2010 WL 4117216, at *1 (D. Ariz. Oct. 19, 2010). When considering a motion under Local Rule 42.1(a), "[a] principal factor is whether party economy or judicial economy is substantially served by transfer to another judge." *City of Phoenix v. First State Ins. Co.*, No. CV-15-00511-PHX-NVW, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016), *aff'd*, No. 16-16767, 2018 WL 1616011 (9th Cir. Apr. 4, 2018).

The Court finds that neither consolidation nor transfer is appropriate here. It is true that all three cases concern Oak Flat. However, the legal theories asserted in this case and in *San Carlos* and *Arizona Mining* vary greatly. For example, plaintiffs in *San Carlos* allege

violations of the National Environmental Policy Act ("NEPA"), the National Defense Authorization Act ("NDAA"), and the National Historic Preservation Act ("NHPA"). *San Carlos*, No. 2:21-cv-68-DWL (Doc. 1) (filed Jan. 14, 2021). Plaintiffs in *Arizona Mining*, in addition to NDAA and NEPA claims, allege violations of the Forest Service Organic Act and the Federal Land Policy and Management Act ("FLPM"). Accordingly, there is minimal overlap in controlling questions of law between the pending cases. *See, e.g.*, *Upward Trend, LLC v. Teatai-Ariki*, No. 3:16-CV-1379 BEN KSC, 2016 WL 3647627, at *2 (S.D. Cal. June 29, 2016) (declining to consolidate cases because they involve "different questions of law and fact" and, therefore, "[j]udicial economy would not be served by consolidating such different actions"); *U.S. Rubber Recycling, Inc. v. Encore Int'l, Inc.*, No. CV 09-09516 SJO OPX, 2011 WL 311014, at *13 (C.D. Cal. Jan. 7, 2011) (same); *In re Oklahoma Ins. Holding Co. Act Litig.*, 464 F. Supp. 961, 964, n.7 (J.P.M.L. 1979) ("Defendants' bald assertion that these cases involve the same subject matter and contain common questions of law and fact is not sufficient to persuade the Court that the cases should be consolidated pursuant to Rule 42(a). While the cases both involve (American Benefit and Roussel,) they involve different questions of law and fact. Accordingly, Defendants' Motion to Consolidate is overruled."). This Court therefore declines to exercise its discretion to consolidate the cases.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Consolidate (Doc. 60) is **denied**.

Dated this 15th day of April, 2021.

Honorable Steven P. Logan
United States District Judge

3