Christopher D. Thomas (#010482)
Andrea J. Driggs (#023633)
Janet M. Howe (#034615)
Benjamin A. Longbottom (#038602)
**HOLLAND & HART LLP**
3110 North Central Ave
Suite D-160 (ground)
Phoenix, Arizona 85012
Telephone:  +1.602.316.9334
cdthomas@hollandhart.com
ajdriggs@hollandhart.com
jmhowe@hollandhart.com
balongbottom@hollandhart.com

Michael R. Huston (#038763)
Diane M. Johnsen (#007634)
Samantha J. Burke (#036064)
Addison W. Bennett (#039801)
**PERKINS COIE LLP**
2525 E. Camelback Road, Suite 500
Phoenix, Arizona 85016
(602) 351-8000
MHuston@perkinscoie.com
DJohnsen@perkinscoie.com
SBurke@perkinscoie.com
ABennett@perkinscoie.com

*Attorneys for Defendant-Intervenor Resolution Copper Mining LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Mining Reform Coalition; Inter Tribal Association of Arizona, Inc.; Earthworks; Center for Biological Diversity; Access Fund; and Grand Canyon Chapter of the Sierra Club, Plaintiffs, <br><br> v. <br><br> United States Forest Service, an agency in the U.S. Department of Agriculture; Neil Bosworth, Supervisor of the Tonto National Forest; and Tom Torres, Acting Forest Supervisor, Tonto National Forest, Defendants. <br><br> Resolution Copper Mining, LLC, Defendant-Intervenor | No. CV-21-00122-PHX-DWL <br><br> **NOTICE OF SUPPLEMENTAL AUTHORITY** |

1    Defendant-Intervenor Resolution Copper Mining, LLC respectfully calls the

2  Court's attention to the decision of the Supreme Court of the United States issued yesterday

3  in *Seven County Infrastructure Coalition v. Eagle County, Colo*., No. 23-975, 605 U.S. ___

4  (May 29, 2025) (attached as Exhibit 1). The Court's opinion in *Seven County* reinforces

5  that Plaintiffs' pending motion for a preliminary injunction should be denied.

6    The Supreme Court emphasized the (limited) purpose and operation of the National

7  Environmental Policy Act ("NEPA"). "Simply stated, NEPA is a procedural cross-check,

8  not a substantive roadblock. The goal of the law is to inform agency decisionmaking, not

9  to paralyze it." *Seven County*, slip op. 2. The Supreme Court reversed the D.C. Circuit's

10  judgment, which had invoked NEPA to vacate a decision of the U.S. Surface Transporta-

11  tion Board to approve a new railway line in Utah. The D.C. Circuit had faulted the Board

12  for preparing a final environmental impact statement ("FEIS") that did not address certain

13  other consequences of the railway project that "f[e]ll outside the Board's authority." *Id*. at

14  15. But the Supreme Court explained why that was improper, in a part of the opinion di-

15  rectly relevant to Plaintiffs' motion for a preliminary injunction here: Referring to "one of

16  the more important sentences in the NEPA canon," the Supreme Court reiterated that

17  "'[w]here an agency has no ability to prevent a certain effect due to its limited statutory

18  authority over the relevant actions, the agency cannot be considered a legally relevant

19  "cause" of the effect.'" *Id*. at 17 (quoting *Dep't of Transp. v. Public Citizen*, 541 U.S. 752,

20  770 (2004)). "In other words, agencies are not required to analyze the effects of projects

21  over which they do not exercise regulatory authority." *Id*.

22    That holding in *Seven County* dooms Plaintiffs' request to enjoin conveyance of title

23  to the Oak Flat parcel to Resolution pursuant to the Land Exchange Act. As the government

24  and Resolution have previously explained, under the text of the Act, the U.S. Forest Service

25  has no authority to decline to convey the parcel. *See* 16 U.S.C. § 539p(c)(10). Plaintiffs'

26  anticipated objections to the content of the Forest Service's forthcoming FEIS are therefore

simply not relevant to the land exchange—which Congress unambiguously directed within 60 days of "publication" of the FEIS. *Id.*; *accord Seven County*, slip op. 9 (Sotomayor, J, concurring in the judgment) ("If the organic statute precludes consideration of a particular issue, the agency may set it aside for purposes of its NEPA review as well."). "'The political process, and not NEPA, provides the appropriate forum in which to air [Plaintiffs'] policy disagreements'" with this land exchange. *Seven County*, slip op. 21 (majority op.) (quoting *Metro. Edison Co. v. People Against Nuclear Energy*, 460 U. S. 766, 777 (1983)).

Seven County also provides an important reminder that, when the Forest Service's FEIS issues (anticipated in mid-June) analyzing the permits that Resolution has sought in connection with the project, review of Plaintiffs' potential NEPA objections will be limited and require "substantial judicial deference" to the agency. Slip op. 3. "Congress did not design NEPA for *judges* to hamstring new infrastructure and construction projects." *Id.* at 13. Yet in recent years "NEPA has transformed from a modest procedural requirement into a blunt and haphazard tool employed by project opponents (who may not always be entirely motivated by concern for the environment) to try to stop or at least slow down new infrastructure and construction projects." *Id*. at 12. And "[o]ver time, some courts have assumed an aggressive role in policing agency compliance with NEPA." *Id.* at 8.

The Supreme Court described its opinion in *Seven County* as a "course correction" that is "appropriate to bring judicial review under NEPA back in line with statutory text and common sense." Slip op. 13. The Court emphasized that "the central principle of judicial review in NEPA cases is deference" to the agency. *Id.* at 8. "When assessing significant environmental effects and feasible alternatives for purposes of NEPA, an agency will invariably make a series of fact-dependent, context-specific, and policy-laden choices about the depth and breadth of its inquiry—and also about the length, content, and level of detail of the resulting EIS. Courts should afford substantial deference and should not micromanage those agency choices so long as they fall within a broad zone of

1    reasonableness." *Id.* at 12. "Even if an EIS falls short in some respects, that deficiency may

2    not necessarily require a court to vacate the agency's ultimate approval of a [permit], at

3    least absent reason to believe that the agency might disapprove the [permit] if it added more

4    to the EIS." *Id.* at 14.

5        In short, as the Supreme Court has just reiterated: "When reviewing compliance

6    with NEPA, 'courts are to play only a limited role.'" *Seven County*, slip op. 8 n.2 (quoting

7    *Vermont Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519,

8    558 (1978)).

9        Resolution respectfully urges the Court to deny Plaintiffs' motion for a preliminary

10   injunction.

11   Dated: May 30, 2025

12   **HOLLAND & HART LLP**                    **PERKINS COIE LLP**

13

14   Christopher D. Thomas (#010482)     By: */s/Michael R. Huston*
     Andrea J. Driggs (#023633)              Michael R. Huston (#038763)

15   Janet M. Howe (#034615)                  Diane M. Johnsen (#007634)
                                              Samantha J. Burke (#036064)
     Benjamin A. Longbottom (#038602)         Addison W. Bennett (#039801)

16   3110 North Central Ave                   2525 E. Camelback Road, Suite 500
     Suite D-160 (ground)                     Phoenix, Arizona 85016-4227

17   Phoenix, Arizona 85012                   MHuston@perkinscoie.com
                                              DJohnsen@perkinscoie.com

18                                            SBurke@perkinscoie.com
                                              ABennett@perkinscoie.com

19
                                             *Counsel for Defendant-Intervenor Resolution*
20                                           *Copper Mining LLC*

21

22

23

24

25

26